## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DIANE FRANKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 8:07CV107 |
| vs. ) | |
| ) | ORDER |
| CREIGHTON UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on plaintiff's Motion to compel discovery [34]. The defendant has responded, as previously ordered. The parties have substantially complied with NECivR 7.1(i).

### NATURE OF THE CASE

This action arises under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA"). Plaintiff alleges she began working at Creighton University's Osteoporosis Research Center ("Center") in 2002. In 2004, she began to suffer from the effects of exposure to toxic mold, source unknown. Although plaintiff's allergist came to believe the source of the mold was the plaintiff's workplace, her supervisor refused to order a formal mold test of the premises because the test was not budgeted. Plaintiff was advised by the defendant's Environment Health & Safety Department that if she completed a formal, written incident report, a mold test would be performed at no cost to the Osteoporosis Research Center. Plaintiff advised her supervisor that she would be submitting an incident report and, at her allergist's instruction, applied for and received FMLA leave. After filing the incident report, plaintiff's performance evaluations plummeted, allegedly because of her illness and absences from the workplace, resulting in the denial of at least one pay raise and related retirement benefits. Plaintiff returned to work full time in June 2005 because her FMLA leave time was running out and she was assured that mold abatement was accomplished. Since that time, she has been required to "check in" orally by telephone each day upon arrival to work, as well as upon departure from work. She is the only person in the Center who is required to do this.

In its answer, defendant denies that plaintiff's supervisor was timely and contemporaneously kept informed of plaintiff's allergist's professional opinions. Defendant denies that plaintiff did not receive a raise because of any illegal conduct on the part of the defendant; numerous other employees at the Creighton Osteoporosis Research Center did not

receive raises during the time period that plaintiff alleges she was illegally denied a raise in her pay. Plaintiff has been required to let defendant know of her arrival to work as well as her departure from work so that defendant may know if there is someone available to answer the phones at plaintiff's work space. Defendant denies that this is in full view of other employees.

## DISCUSSION

By agreement of the parties, *see* Filing 11, the court ordered that "[e]ach party is limited to serving forty (40) interrogatories on any other party." Filing 12 at ¶ 6. In this district, it has long been the rule that

> For purposes of determining the number of interrogatories, including sub-questions, each inquiry that endeavors to discover a discrete item of information shall be counted as a separate interrogatory. For example, a question which states: "Please state the name, address, and telephone number of any witness to the accident set forth in the complaint" shall be counted as three interrogatories.

NECivR 33.1(c).

In April 2007, plaintiff served a set of interrogatories numbered 1-17. Applying Local Rule 33.1(c), these interrogatories actually request over 100 "discrete items of information." This calculation does not include any items requested in Interrogatories Nos. 11, 12 and 13 (and part of Interrogatory No. 10), which were omitted from the exhibit to plaintiff's Motion. Plaintiff subsequently served Supplemental Interrogatory No. 22, seeking eight more discrete items of information.

The defendant's objections based on plaintiff serving more than 40 interrogatories are sustained.

Turning to defendant's substantive objections, the court finds that Interrogatory No 9 (asking, *inter alia*, whether Creighton University **ever** settled an allegation by an employee that it had violated the FMLA either substantively or via retaliation), is overbroad. The defendant's response is appropriate and defendant's objections are sustained.

Interrogatories Nos. 14, 15 and 16 do, in fact, request "voluminous information" regarding the University's computer systems, email systems, software configurations, system maintenance, and the like. These interrogatories are beyond overbroad. The cost of auditing Creighton University's entire computer system is not justified by the possibility that the

plaintiff might discover tidbits of information possibly related to this lawsuit. Defendant's objections are sustained in their entirety.

It appears to the court that the information provided in response to Supplemental Interrogatory 22 is appropriate. The court will not consider compelling a more detailed response unless and until plaintiff agrees to the entry of a protective order addressing the defendant's privacy concerns of non-party employees.

Finally, the court finds that defendant adequately responded to plaintiff's Document Request No. 8, requesting "a copy of your document backup policy, including but not limited to the handling and disposal of electronic information." The statement that defendant "does not currently have a written backup policy" is completely responsive.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Compel [29] is denied.

2. The circumstances of this incident would make an award of expenses unjust and the court declines to award costs or fees to either party. *See* Fed. R. Civ. P. 37(a)(4)(B).

**DATED December 19, 2007.**

                **BY THE COURT:**

                **s/ F.A. Gossett**
                **United States Magistrate Judge**